RECEIVED
IN LAKE CHARLES, LA
JUL 25 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KIM D. VAUGHAN | : | DOCKET NO. 2:06 CV 0261 |
| VS. | : | JUDGE MINALDI |
| MANPOWER, INC., MANPOWER INTERNATIONAL, INC. AND MANPOWER PROFESSIONAL SERVICES, INC. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

The defendants, Manpower, Inc., Manpower International, Inc. and Manpower Professional Services, Inc. (collectively "Manpower") have filed Motion to Dismiss [doc. 5] pursuant to Fed.R.Civ.P. 12(b). The plaintiff has opposed the motion.

Rule 12(b)(6)

Manpower moves for dismissal pursuant to Rule 12(b)(6), failure to state a claim upon which relief can be granted. Rule 12(b) states that "[I]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The movers did not introduce matters outside the pleadings[1] in this case, therefore the court will consider

---

[1] The contract which forms the basis of this suit has been attached to and incorporated as Exhibit A to the Complaint. In her response to the Motion to Dismiss, Vaughan attached the Asset Purchase Agreement dated 11/11/02. This document is outside the pleadings and will not be considered in this ruling.

this a Rule 12(b) motion.

On a F.R.Civ.P. Rule 12(b)(6) motion, the Court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint.[2] The motion will be denied if the allegations support relief on any possible theory.[3] The court will "bend over backwards to avoid granting a 12(b) motion to dismiss."[4]

"The court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a)."[5] All that is required is that the petition include "a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."[6]

There is no requirement that the plaintiff "set out in detail the facts upon which she bases her claim."[7] General factual allegations are sufficient and the court "will presume that general allegations embrace those specific facts that are necessary to support the claim."[8] However, conclusory allegations concerning the legal effect of the events alleged do not have to be accepted

---

[2] *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 113 S.Ct. 1160, 1161 (1993).

[3] *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994).

[4] *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993).

[5] Wright & Miller, Federal Practice and Procedure Civil 2d, §1357 at n.11; *Leatherman*, supra at 1163.

[6] *Leatherman*, supra at 1163 (Quoting <u>Conley v. Gibson</u>, 78 S.Ct. 99, 103 (1957)).

[7] *Leatherman*, supra at 1163.

[8] *National Organization for Women, Inc. v. Scheidler*, 114 S.Ct. 798, 803 (1994) (quoting *Lujan v. Defenders of Wildlife*, 112 S.Ct. 2130, 2137 (1992)).

2

by the court.[9]

## Factual History

On November 18, 2002, David Chozen ("Chozen") entered into a series of agreements with Manpower for the sale and transfer of Manpower franchises owned by Chozen in the Lake Charles and Baton Rouge areas. At the time of the sale, Vaughan was an employee of Chozen. Vaughan was a key employee of the business being sold to Manpower and was not going to continue working for Manpower after the sale.

Manpower requested that Vaughan sign a Non-Competition Agreement. Vaughan consented and signed the agreement.[10] The Non-Competition Agreement includes the following language:

> 7. **Consideration**. As consideration for the promises made by Vaughan, for a period of 365 days from the date of this Agreement, Vaughan shall, if permitted by applicable law, be able to enroll, and continue to be in enrolled in the Parent's hospitalization and health care plan provided that Vaughan pay the premiums for such insurance coverage.

## Analysis

On February 16, 2006, the plaintiff, Kim Vaughan ("Vaughan"), filed a Complaint which alleges that Manpower breached its contract with her. Vaughan alleges that the subject contract contains a provision which allows her to participate in Manpower's hospitalization and healthcare plan.

The plaintiff alleges jurisdiction pursuant to 28 U.S.C. §1332 and § 1391(b)(2), diversity.

Manpower asserts that the plaintiff's breach of contract claim relates to an employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq.*

---

[9] Wright & Miller, Federal Practice and Procedure: Civil 2d §1357, pp. 311-21.

[10] Attached to the Complaint as Exhibit A.

3

and is therefore pre-empted by that statute. Vaughan argues that the court is being asked to rule on whether or not the Non-competition Agreement obligates Manpower to provide Vaughan with healthcare benefits. The terms of the healthcare plan are not at issue.

In a Rule 12(b)(6) Motion, the court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a). This court has jurisdiction because the parties are diverse. The applicability of ERISA is better raised in a Motion for Summary Judgment.

Manpower also alleges that the language upon which the Plaintiff's claim is based is not in the Agreement. The language contained in ¶6 of the Complaint is clearly included in ¶7 of the Non-Competition Agreement that was attached as Exhibit A. Accordingly, the Complaint includes a short and plain statement of the claim that gives the defendants fair notice of the plaintiff's claim and the grounds upon which it rests. The Motion to Dismiss will be denied.

Lake Charles, Louisiana, this 24 day of July, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4