RECEIVED
IN LAKE CHARLES, LA
OCT 1 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KIM D. VAUGHAN** | : | **DOCKET NO. 2:06 CV 0261** |
| **VS.** | : | **JUDGE MINALDI** |
| **MANPOWER, INC., MANPOWER INTERNATIONAL, INC. AND MANPOWER PROFESSIONAL SERVICES, INC.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Defendants, Manpower, Inc., Manpower International, Inc., and Manpower Professional Services, Inc. (collectively "Manpower"), have filed a Motion to Dismiss [doc. 21] plaintiff's First Supplemental and Amending Complaint pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiff filed an opposition [doc. 23], to which defendants filed a reply [doc. 26]. The defendants' Motion to Dismiss is now before the court.

## BACKGROUND

The plaintiff, Kim D. Vaughan, is a former employee of Temporary Services & Janitorial Maintenance, Inc. ("Temporary Services").[1] On November 18, 2002, Manpower entered into an agreement to purchase Temporary Services.[2] In connection with the sale, Vaughan and Manpower executed a Non-Competition Agreement, which stated, in pertinent part:

As consideration for the promises made by Vaughan, for a period of 365 days from

---

[1] Complaint ¶ 6 [doc. 1].

[2] *Id.*

the date of this Agreement, Vaughan shall, if permitted by applicable law, be able to enroll, and continue to be enrolled in the Parent's hospitalization and health care plan provided that Vaughan pay the premiums for such insurance coverage.[3]

On February 16, 2006, Vaughan filed a complaint in federal court alleging that Manpower breached the contract. Vaughan asserts that, although she believed that she was enrolled in the healthcare plan and continued to pay premiums, Manpower wrongfully cancelled her insurance coverage.[4] Vaughan prayed for an order compelling Manpower to re-enroll her in the healthcare plan, provided that Vaughan continued to pay premiums, or, in the alternative, "for an amount sufficient for Vaughan to acquire comparable insurance and any difference in insurance premiums resulting therefrom for as long as she may live."[5]

On May 3, 2006, Manpower filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of the motion, Manpower argued that Vaughan's claim relates to an employee benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and is therefore preempted by that statute.[6]

Prior to the court's ruling on that motion, Vaughan was granted leave to file a supplemental and amending complaint. In response to Manpower's assertion that Vaughan was no longer eligible to enroll in the Manpower plan, Vaughan's amended complaint sought money damages in an amount sufficient for her to acquire comparable insurance.[7] After Vaughan filed the amended complaint, Manpower filed its second motion to dismiss, again arguing that ERISA preempts Vaughan's breach

---

[3] Non-Competition Agreement ¶ 7, attached to Complaint as Exhibit A.

[4] Complaint ¶ 6.

[5] Complaint ¶ 9.

[6] *See* Memorandum in Support of Defendant's Motion to Dismiss [doc. 5-2].

[7] First Supplemental and Amending Complaint ¶ 9 [doc. 20].

of contract claim.[8]

The court ruled on Manpower's first motion to dismiss on July 25, 2006. In the memorandum ruling, the court found that Vaughan's claim was for the enforcement of a contract and the "terms of the healthcare plan are not at issue."[9] Accordingly, the court found that Vaughan's claim does not implicate ERISA and denied Manpower's motion to dismiss.[10]

## ANALYSIS

Manpower's second motion to dismiss essentially re-urges the same arguments made in its first motion. Manpower argues that Vaughan's amended complaint is an attempt to "plead around" ERISA by requesting monetary damages instead of enrollment in Manpower's healthcare plan.[11] Manpower again asserts that Vaughan's claim has the requisite connection to an ERISA plan and otherwise affects the relationship among ERISA entities.[12]

These same arguments were addressed in the July 24, 2006 Memorandum Ruling. The slight amendment of the plaintiff's complaint does not put the terms of the healthcare plan at issue. In fact, by no longer seeking enrollment in Manpower's healthcare plan, Vaughan's claim is more easily characterized as a breach of contract.

Furthermore, a motion pursuant to Rule 12(b)(6) seeks dismissal "for failure of the pleading to state a claim upon which relief can be granted." Fed.R.Civ.P. 12. It is well established that the

---

[8] *See* Memorandum in Support of Defendant's Motion to Dismiss First Supplemental and Amending Complaint [doc. 21-2].

[9] July 24, 2006 Memorandum Ruling 4 [doc. 27].

[10] *Id.*

[11] Defendant's Motion to Dismiss First Supplemental and Amending Complaint ¶ 7 [doc. 21].

[12] Memo in Support 5-8.

federal rules allow for liberal pleading and a plaintiff does not forfeit relief by mischaracterizing the theory of the claim. *See, e.g.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). "[T]he complaint is not to be dismissed because the plaintiff's lawyer has misconceived the proper legal theory of the claim, but is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, regardless of whether it asks for the proper relief." *Dotschay v. National Mut. Ins. Co.*, 246 F.2d 221, 223 (5th Cir. 1957).

Accordingly, the Motion to Dismiss will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10 day of October, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT